FILED
APR 0 3 2007 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, and KYLE McLEAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | 07CV1840 JUDGE FILIP |
| v. | ) ) | MAGISTRATE JUDGE VALDEZ |
| C I HOST, INC., a Texas corporation, PROPNET CORPORATION, a Texas corporation, PROPAGATION NETWORKS, INC., a Texas Corporation, and CHRISTOPHER FAULKNER, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN, by and through their attorneys, The Law Offices of Eugene K. Hollander, and for their Complaint at Law, states as follows:

### JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, et seq., and the Illinois Minimum Wage Law ("IMWL), 820 ILCS §105/1 et seq. for Defendants' failure to pay overtime wages, minimum wages and other earned wages to Plaintiffs. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. §201 et seq, providing for declaratory, injunctive, compensatory, punitive, and other relief.

2. Venue in this district is proper under 28 U.S.C. §1391 (B) as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## NATURE OF PLAINTIFFS' CLAIMS

3. Plaintiffs are all former employees of Defendants. Plaintiffs were each employed in a variety of capacities at Defendants "data center" located in Chicago from April 2004 through October 2006.

4. Each Plaintiff was employed as a non-exempt employee.

5. Defendants failed to pay Plaintiffs all their earned overtime and other wages through the following scheme: (a) paying Plaintiffs only their straight-time wages for all hours worked, including hours worked in excess of forty (40) in individual work weeks; and (b) failing and refusing to pay Plaintiffs for all time worked in individual workweeks, including overtime hours. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their earned and living wages.

6. Plaintiffs complained to Defendants about their failure to pay overtime wages, but Plaintiffs' complaints went unanswered.

## THE PARTIES

7. Plaintiffs were, at all relevant times, employed by Defendants and reside in and are domiciled in Cook County, McHenry County, and DuPage County, Illinois.

8. During all relevant times, one of each Defendant corporations operated and maintained the Chicago "data center" that employed the Plaintiffs under the names, C I Host, Propnet Corporation, and Propagation Networks, Inc.

9. Plaintiffs were employed by Defendants as "employee(s)" as that term is defined by FLSA, IWPCA, and IMWL.

10. During the course of their employment by Defendants, Plaintiffs handled goods that moved in interstate commerce and were not exempt from the minimum wage or maximum hour provisions of FLSA, 29 U.S.C. §206 and §207 or IMWL, 820 ILCS §105/1 et. seq.

11. Defendants C I Host, Inc., Propnet Corporation, and Propagation Networks, Inc. are each Texas corporations with their principal place of business in Texas.

12. Defendant Christopher Faulkner is a member of C I Host, Inc., Propnet Corporation, and Propagation Networks, Inc., and is involved in the day-to-day business operations of each company. Faulkner has the authority to hire and fire persons employed by C I Host, Propnet, and Propagation Networks, including the Plaintiffs, the authority to direct and supervise the work of C I Host, Propnet, and Propagation Networks employees, the authority to sign on C I Host, Propnet, and Propagation Networks checking accounts, including payroll, and makes decisions regarding employee compensation and capital expenditures.

13. Defendants are Plaintiffs' "employer" as defined in FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS §105/3(c), and IWPCA, 820 ILCS 115/1 et. seq.

14. Defendant corporations are "enterprises" as defined by FLSA, 29 U.S.C. §203(r)(1), and are an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1)(A), in that Defendants' employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

## COUNT I

## ILLINOIS MINIMUM WAGE LAW – OVERTIME WAGES

### (Each Plaintiff Individually Against All Defendants)

15. This count arises form Defendants' failure to pay Plaintiffs all of their earned overtime pay for hours worked in excess of forty (40) in individual workweeks in violation of IMWL.

16. Plaintiffs worked in excess of forty (40) hours in certain individual workweeks. Defendants did not pay Plaintiffs overtime pay at the rate of one and one half times their regular rate for all hours worked.

17. On other occasions, Plaintiffs were simply paid their hourly regular rate of pay for the overtime hours they worked.

18. Plaintiffs were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

19. For each hour worked in excess of forty (40) in individual workweeks, Plaintiffs and the class members were entitled to be paid at the rate of one and one half times their regular hourly rate of pay.

20. Defendants' failure to pay Plaintiffs overtime wages violated the maximum hour provision of the IMWL.

21. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

22. Plaintiffs demand a jury trial.

4

**WHEREFORE**, Plaintiffs, JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN, respectfully prays that this Honorable Court:

a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Illinois Minimum Wage Law;

b. Permanently enjoin Defendants, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiffs to those which they would be enjoying but for the discriminatory practices of Defendants;

e. Compensate and make Plaintiffs whole for all earnings, wages, including prejudgment interest and other benefits that they would have received but for the discriminatory practices of Defendants;

f. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees;

g. Award Plaintiffs liquidated damages for Defendants' willful conduct, and grant such relief as may be just and proper.

## COUNT II

## ILLINOIS WAGE PAYMENT AND COLLECTION ACT – UNCOMPENSATED HOURS

**(Each Plaintiff Individually Against All Defendants)**

23. Plaintiffs reincorporate and reallege Paragraphs 1 through 22 as though more fully set forth herein.

24. This count arises from Defendants' failure to compensate Plaintiffs for all the hours worked at the rate agreed upon by the parties in violation of the IWPCA.

25. Defendants violated IWPCA by failing to compensate Plaintiffs for all the hours they worked for Defendants at the rate agreed to by the parties.

26. Defendants violated IWPCA by refusing to compensate Plaintiffs for all the hours they worked for Defendants at the rate agreed to by the parties.

27. Plaintiffs have been damaged by Defendants' failure to pay them for all hours worked at the rate agreed to by the parties.

28. Plaintiffs demand a jury trial.

**WHEREFORE**, Plaintiffs, JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN, respectfully prays that this Honorable Court:

    a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Illinois Wage Payment and Collection Act;

    b. Permanently enjoin Defendants, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of

the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiffs to those which they would be enjoying but for the discriminatory practices of Defendants;

e. Compensate and make Plaintiffs whole for all earnings, wages, including prejudgment interest and other benefits that they would have received but for the discriminatory practices of Defendants;

f. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees;

g. Award Plaintiffs liquidated damages for Defendants' willful conduct, and grant such relief as may be just and proper.

## COUNT III

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

**(Each Plaintiff Individually Against All Defendants)**

29. Plaintiffs reincorporate and reallege Paragraphs 1 through 28 as though more fully set forth herein.

30. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., for its failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular rate of pay.

31. During their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

32. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in individual work weeks violated §207 of the FLSA.

33. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

34. Defendants violated the FLSA by refusing to pay Plaintiffs' overtime wages for all hours they worked in excess of forty (40) hours per week

35. Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all hours they worked in excess of forty (40) hours per week.

36. Plaintiffs demand a jury trial.

**WHEREFORE**, Plaintiffs, JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN, respectfully prays that this Honorable Court:

   a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Fair Labor Standards Act;

b. Permanently enjoin Defendants, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiffs to those which they would be enjoying but for the discriminatory practices of Defendants;

e. Compensate and make Plaintiffs whole for all earnings, wages for up to three years prior to the filing of this suit because of Defendants' failure and refusal to pay overtime wages, including prejudgment interest and other benefits that they would have received but for the discriminatory practices of Defendants;

f. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees;

g. Award Plaintiffs liquidated damages for Defendants' willful conduct, and grant such relief as may be just and proper.

## COUNT IV

## FAIR LABOR STANDARDS ACT – RETALIATION

**(Each Plaintiff Individually Against All Defendants)**

37. Plaintiffs reincorporate and reallege Paragraphs 1 through 36 as though more fully set forth herein.

38. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., for its retaliation against Plaintiffs for complaining of Defendants' failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular rate of pay.

39. During their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

40. Plaintiffs suffered an adverse employment action because of their complaints under the FLSA.

41. Defendants terminated Plaintiffs after Plaintiffs complained about the failure to pay overtime wages. Defendants' proffered reasons for terminating Plaintiffs were pretextual.

42. Defendants willfully violated the FLSA by terminating Plaintiffs after they complained about the failure to pay overtime wages for hours worked in excess of forty (40 hours per week.

43. Plaintiffs demand a jury trial.

**WHEREFORE**, Plaintiffs, JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN, respectfully prays that this Honorable Court:

> a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Fair Labor Standards Act;
>
> b. Permanently enjoin Defendants, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and

from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiffs to those which they would be enjoying but for the discriminatory practices of Defendants;

e. Compensate and make Plaintiffs whole for all earnings, wages for up to three years prior to the filing of this suit because of Defendants' failure and refusal to pay overtime wages, including prejudgment interest and other benefits that they would have received but for the discriminatory practices of Defendants;

f. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees;

g. Award Plaintiffs liquidated damages for Defendants' willful conduct, and grant such relief as may be just and proper.

Respectfully Submitted,
JOSEPH DePAOLA, BRIAN GISSELER, JASON BADZIAK, DARION WALKER, AND KYLE McLEAN

s/ Eugene K. Hollander
One of Their Attorneys

Eugene K. Hollander
Erin E. Buck
**The Law Offices of Eugene K. Hollander**
33 North Dearborn, Suite 2300
Chicago, IL 60602
(312) 425-9100